## AS TO NEGLIGENCE IN THE REPAIR OF A COUNTY ROAD.

Common Pleas Court of Hamilton County.

MILNER ET AL V. COUNTY COMMISSIONERS.

Decided, March 7, 1913.

*Roads—Liability of County for Failing to Keep in Repair—Statutes Relating to Liability of County for Negligence Much More Strictly Construed Than in Case of Municipalities—Section 2408.*

Under the rule of strict construction in actions involving the liability of a county for failure to keep a road or bridge in repair, county commissioners can not be charged with negligence in failing to maintain a guard rail to prevent travelers from going over the side of the road and down a steep declivity, where there is no allegation in the petition that at the time the road was improved there was erected such a guard rail, or that such a rail was called for in the plans ·for repair and not erected.

*John V. Campbell,* for motion.
*Littleford, James, Ballard & Frost,* contra.

MAY, J.

The petition in each of these cases is for damages caused in an automobile accident on the Jordan road, between Cleves and Miamitown.

One of the acts of negligence charged against the county commissioners was the failure to maintain a guard rail to prevent travelers from going over sides of road and down a steep declivity. The defendant moves to strike from the petition the allegations regarding guard rail.

Prior to April 13, 1894 (91 O. L., 142), General Code, 2408, there was no right of action against a county or its commissioners for damages for failure to keep a road or bridge in repair (*Commissioners* v. *Coffman, Admx.,* 60 O. S., 527). The amendment then adopted gave a right of action for damages received by negligence or carelessness of the commissioners in not keeping the road or bridge in proper repair. This section, General Code, 2408, has been very strictly construed by the Supreme Court.

Thus there was no liability where the accident occurred by an unusual use of a bridge though same was out of repair (*Commissioners* v. *Coffman*, 60 O. S., 537). Nor where injuries resulted from a defective model furnished for a bridge (*Alexander* v. *Brady*, 61 O. S., 174). So there was no liability for negligence in the operation of a free ferry though the ferry was maintained by the county as part of a public highway and in lieu of a bridge (*Board* v. *Storage Co.*, 75 O. S., 244), or where injuries were sustained by one whose horse took fright at stones on road to be used in the repair of the road, there being no defect in road itself. *Ebert* v. *Commissioners*, 75 O. S., 474.

There is a decided difference between the liability of a municipal corporation and a county for injuries in streets and highways. Under Section 3714, General Code, the municipality shall cause streets to be kept open, in repair and free from nuisance, while under Section 2408, General Code, the county is only liable when the road is not kept in proper repair. ·

As this court is bound by the rule of strict construction as laid down by the Supreme Court in cases cited above, it necessarily must hold that keeping a road in proper repair does not require the maintaining of guard rails along the side to prevent vehicles from falling into a declivity, in the absence of an allegation that at the time the road was improved there had been erected such guard rails or that such rails were called for in the plan of repair and not erected.

Repair means to mend, to restore to a sound state what has been partially destroyed. *34 Cyc.*, 1337-38.

If the action were against a municipality, there would be no question as to liability in this respect. *1 Dillon on Municipal Corp.*, 1696.

The interpretation is confessedly very narrow, but under the rulings of the Supreme Court there is no other alternative—the Legislature alone can enlarge the liability of counties.

The motion to strike out the allegations regarding guard rails is granted and by consent the words "good" and "safe for travel" are stricken out.

Ten days given to file amended petition.